BLANK ROME, LLP
Attorneys for Plaintiff
DEIULEMAR COMPAGNIA
DI NAVIGAZIONE SPA
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEIULEMAR COMPAGNIA DI
NAVIGAZIONE SPA,
     Plaintiff,

-against-

IMPERIAL MARINE CO.; DALTON
WORLDWIDE S.A., and OVERSEAS
MARINE ENTERPRISES INC.

     Defendants.

07 Civ. 6978 Chin

**VERIFIED COMPLAINT**

---

  Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE S.P.A. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, alleges upon information and belief as follows:

  1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

  2. At all material times, Plaintiff was and now is a foreign company with its offices at CP 274, Via Tironi 3, 80059 Torre del Greco, Naples, Italy.

3.  At all material times, Defendant IMPERIAL MARINE CO. ("IMPERIAL") was and is a foreign corporation or other business entity organized and existing under the laws of the Marshall Islands, with its registered address in Majuro, Marshall Islands, and doing business c/o Overseas Marine Enterprises, Inc. 83 Posidonos Avenue, Glyfada, Athens, 166 75, Greece.

4.  At all material times, Defendant DALTON WORLDWIDE S.A. ("DALTON") was and is a foreign corporation or other business entity organized and existing under the laws of Panama, with its registered address in Panama City, Panama, and doing business c/o Overseas Marine Enterprises, Inc. 83 Posidonos Avenue, Glyfada, Athens, 166 75, Greece.

5.  At all material times, Defendant OVERSEAS MARINE ENTERPRISES INC. ("OVERSEAS") was and is a foreign corporation or other business entity organized and existing under the laws of Liberia, with its registered address in Monrovia, Liberia, and doing business at. 83 Posidonos Avenue, Glyfada, Athens, 166 75, Greece.

### AS A FIRST CLAIM, AGAINST IMPERIAL

6.  By a charter party dated on or about July 3, 2003, ("the Charter"), Plaintiff, as Charterer, time-chartered the 1990-built cargo ship M/V GEORGE T ("the Vessel") from Defendant IMPERIAL, as registered owner, for a period of a minimum of 35 months and a maximum of 37 months in Plaintiff's option.

7.  Due to IMPERIAL's breaches of its maintenance warranty under the Charter, and conduct amounting to wrongful repudiation of the Charter, and other breaches of the Charter, Plaintiff sustained damages in the sum of **US$21,033,747.82** as follows:

(a) Loss of profit as a result of engine damage under the Dabkomar sub-charter = **USD 2,197,773.59**

Charter hire rate = USD 16,350
Dabkomar hire rate = USD 45,000
Differential = 45,000 – 16,350 = USD 28,650

    (i) Port Hedland to Suez (including deviation to Colombo)
        15th May 2005, 00.00 – 11th June 2005, 00.00 = 4.90625 days
        Loss of profit: 4.90625 days x USD 28,650 = USD 140,564.06

    (ii) Main engine stoppage 1st June 2005
        1st June 2006, 18.00 – 22.59 = 0.20764
        Loss of profit: 0.20764 days x USD 28,650 = USD 5,948.89

    (iii) Deviation to Pylos
        Days = 0.18056
        Loss of profit: 0.18056 x USD 28,650 = USD 5,173.04

    (iv) Stoppage at Pylos
        15th June 2005, 9.00 – 25th August 2005, 19.00 = 71.41667 days
        Loss of profit: 71.41667 days x USD 28,650 = USD 2,046,087.60

(b) Loss of Dabkomar fixture due to Charterer's wrongful repudiation = **USD 5,721,243.33**

(c) Loss of profit during Zhoushan repairs, 23rd June – 17th August 2006 = **USD 1,172,890.63**

    (i) 23/06/06, 12.45 – 06/08/06, 20.30 = 44.32291667 days
        Charter hire rate = USD 16,350
        Market rate = USD 37,850
        Differential = 37,850 – 16,350 = USD 21,500
        Loss of profit: 44.32291667 days x USD 21,500 = USD 952,942.71

    (ii) 06/08/06, 20.30 – 17/08/06, 14.00 = 10.72916667 days
        Charter hire rate = USD 17,350
        Market rate = USD 37,850
        Differential = 37,850 – 17,350 – USD 20,500
        Loss of profit: 10.72916667 x 20,500 = USD 219,947.92

    (d)    Loss of profit during Rotterdam/Antwerp works = **USD 146,831.25**

            04/03/07, 10.25 – 09/03/07, 20.00 = 5.399306 days
            minus bunker replenishment = 5.399306 – 0.274306 = 5.125 days
            Charter rate = USD 17,350
            Sub-charter rate = USD 46,000
            Differential = 46,000 – 17,350 = USD 28,650.00
            Loss of Profit: 5.125 x 28,650.00 = <u>USD 146,831.25</u>

    (e)    Loss of profit during Rotterdam/Antwerp repairs, 9th March – 12th May 2007 = **USD 2,905,198.37**

        (i)    Under Sourcelink Charter
                09/03/07, 21.36 – 18/04/07, 10.25 = 39.534028
                Charter rate = USD 17,350
                Sub-charter rate = USD 46,000
                Differential = 46,000 – 17,350 = USD 28,650.00
                Loss of profit: 39.534028 x 28,650.00 = <u>USD 1,132,649.90</u>

        (ii)    Post redelivery by Sourcelink
                18/04/07, 10.25 – 12/05/07 00.30 = 23.586806 days
                Charter rate = USD 17,350
                Market rate = USD 92,500
                Differential = 92,500 – 17,350 = USD 75,150.00
                Loss of profit = 23.586806 x 75,150 = <u>USD 1,772,548.47</u>

    (f)    Loss of profit during intermediate survey and denied extension period = **USD 8,341,650.00**

            02/07/07 – 21/10/07 = 111 days
            Market rate = 92,500
            Differential = 92,500 – 17,350 = 75,150
            Loss of profit: 111 x 75,150.00 = <u>USD 8,341,650.00</u>

    (g)    Short loading at Richards Bay, 26th – 27th February 2006 = **USD 17,352.91**

    (h)    Bunkering delay at Gibraltar, 22nd – 23rd March 2006 = **USD 15,000.00**

    (i)    Final hire statement claim = **USD 515,717.65**

8.    The Charter provided for arbitration of disputes in London. Plaintiff reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. § 8, and has commenced arbitration.

9. Maritime Arbitrators in London award interest compounded quarterly, legal fees and arbitral costs to a successful party. Plaintiff estimates recoverable interest will amount to at least US$4,373,941 at a rate of 6.5% per year for at least 3 years; recoverable arbitral costs will be incurred in the sum of at least US$150,000; and recoverable legal expenses will be incurred in the sum of at least US$2,000,000, amounting in all to recoverable interest and expenses of at least **US$6,523,941**.

10. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$27,557,688.82**.

### AS A SECOND CLAIM
### AGAINST DALTON AND OVERSEAS

11. At all material times, the Vessel was and is commercially and technically managed by OVERSEAS, which is the entity through which Plaintiff has transacted all its business with IMPERIAL in connection with the Charter.

12. At all material times, all payments made on behalf of or for the benefit of IMPERIAL are and were controlled and/or made and received by OVERSEAS or its nominees.

13. At the time the Charter was entered into, the registry of the ship's flag state, St. Vincent and the Grenadines, confirmed IMPERIAL was the registered owner of the Vessel.

14. Publicly available data bases published by Lloyd's Register, Equasis, and Sea-Web, which are regularly relied upon in the shipping industry, revealed that as of April 30, 2007, DALTON became the Vessel's registered owner, and OVERSEAS remains the ship's manager.

15. Panamanian corporate records show that DALTON was incorporated in Panama on December 15, 2006.

16. The Vessel's aforesaid change of ownership was not reported to Plaintiff by IMPERIAL or OVERSEAS, despite the fact that clause 77 of the Charter requires Plaintiff's approval prior to any change of ownership during the course of the Charter.

17. IMPERIAL and its London solicitors continued to assert it was the registered owner of the Vessel, despite the contrary evidence of Lloyd's Register, Equasis, and Sea-Web.

18. Notwithstanding IMPERIAL's insistence it remained the registered owner of the Vessel, a subsequent check with the St. Vincent & the Grenadines Register disclosed that, on or about April 27, 2007, the ship was sold to Dalton and the name was changed to M/V SEA CORAL. This was recorded in the Register on June 29, 2007. The manager continues to be OVERSEAS.

19. Upon further questioning by Plaintiff's solicitors, the solicitors representing IMPERIAL in the London arbitration acknowledged the sale and suggested that Plaintiff contact DALTON's attorneys in Greece to confirm DALTON's beneficial owners were unrelated to IMPERIAL. However, upon inquiry, the attorneys to whom Plaintiff's solicitors were referred refused to divulge any such information.

20. On or about 13th June 2007, in repudiatory breach of the Charter, OVERSEAS notified Plaintiff the Vessel would be withdrawn from the Charter service prematurely, at the end of the current voyage, allegedly for a dry docking in the Far East.

21. Upon information and belief, IMPERIAL, DALTON, and OVERSEAS are beneficially owned, dominated and controlled by the same individuals for their individual benefit and operated as a single business entity, with but one office, without regard for the respective corporate integrity of each.

22. Investigation among ship sale brokers indicates that the Vessel is still on the sale market, despite only recently having ostensibly been transferred into DALTON's ownership.

23. Upon information and belief, title to the Vessel was conveyed from IMPERIAL to DALTON fraudulently, without the payment of any adequate consideration.

24. By reason of the premises, judgment should be entered against DALTON and OVERSEAS for the same damages, interest, and recoverable costs for which claim is made against IMPERIAL.

25. Upon information and belief, Defendants' purpose in incorporating DALTON in December 2006 and transferring registered title to DALTON is to further their scheme, in secret from IMPERIAL's creditors, such as Plaintiff, to strip IMPERIAL of its only asset by transferring the ship between themselves for inadequate consideration and to enable themselves to sell the ship to third parties in a name other than IMPERIAL's and thereby to insulate the ship and the sale proceeds from legitimate creditors of IMPERIAL, such as Plaintiff.

26. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$27,557,688.82** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
August 3, 2007

        Respectfully submitted,
        BLANK ROME, LLP
        Attorneys for Plaintiff
        DEIULEMAR COMPAGNIA DI
        NAVIGAZIONE SPA

        By _/s/ Jack A. Greenbaum_
        Jack A. Greenbaum (JG 0039)
        405 Lexington Ave.
        New York, NY 10174-0208
        (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
3rd day of August 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__

900200.00001/6556591v.1                    9

BLANK ROME, LLP
Attorneys for Plaintiff
DEIULEMAR COMPAGNIA
DI NAVIGAZIONE SPA
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA,<br>                Plaintiff,<br><br>-against-<br><br>IMPERIAL MARINE CO.; DALTON WORLDWIDE S.A., and OVERSEAS MARINE ENTERPRISES INC.<br><br>                Defendants. | 07 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NEW YORK      )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants, ("Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.      Defendants are parties to a maritime contract of charter party and are foreign corporations with offices in Athens, Greece and no offices or place of business within this judicial district.

3.      Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.      In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
3rd day August, 2007

Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__/ /

311808.1
900200.00001/6555989v.1

2